UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE No.: _____

SILK ROAD TRADING & SHIPPING CO., LTD.,
a Foreign Corporation,

Plaintiff,

v.

WORLD FUEL SERVICES (SINGAPORE) PTE LTD.,
a Foreign Corporation, WORLD FUEL SERVICES TRADING
DMCC, a Foreign Corporation, and WORLD FUEL SERVICES
CORPORATION d/b/a WORLD FUEL SERVICES MARINE
GROUP OF COMPANIES, a Florida Corporation.

Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, Silk Road Trading & Shipping Co. Ltd., a Foreign Corporation, sues the Defendants, WORLD FUEL SERVICES CORPORATION, a Florida Corporation, WORLD FUEL SERVICES (SINGAPORE) PTE LTD., a Foreign Corporation, and WORLD FUEL SERVICES TRADING DMCC, a Foreign Corporation, (collectively referred to as "**WFS Defendants**" herein) and states:

**JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES**

1.  This is a claim for breach of maritime contract within the Court's Admiralty and Maritime Jurisdiction pursuant to 28 U.S.C §§1331 (Federal Question) and 1333(1) (Admiralty,

Maritime Cases). Plaintiffs further specifically invoke Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material hereto, Plaintiff, SILK ROAD TRADING & SHIPPING CO., LTD (hereinafter referred to as "SILK ROAD") was an is a Corporation organized and existing under the Laws of the Country of Jordan with its principal place of business located at Haroun Al Rasheed Street, Arjan, P.O. Box 23056, Amman, 11123, Jordan and was the lawful Charterer of the Motor Vessel ("m/v") "*Integrity Daido.*"

3. At all times material hereto, non-party, Integrity Bulk ApS, a Corporation organized and existing under the Laws of the Country of Denmark, was the owner of the m/v "*Integrity Daido*" the alleged recipient of bad bunkers (fuel) supplied by defendant World Fuel Services Corporation, triggering a claim by Integrity Bulk (as Owner) against SILK ROAD (as Charterer).

4. At all times material hereto, Defendant WORLD FUEL SERVICES CORPORATION (hereinafter referred to as "**World Fuel Services Corporation**"), is a Company organized and existing under the Laws of the State of Florida with its Global Headquarters located at 9800 NW 41 Street, Miami, FL 33178, doing business as and through its "World Fuel Services Marine Group of Companies."

5. At all material times hereto, World Fuel Services Corporation is and was a global petroleum supplier delivering products and services "*at more than 8,000 global locations*" including its location in "*Dubai, Swiss Tower, Office 2003, Jumeirah Lake Towers, P.O. Box 340513*" and "*Singapore, 238A Thomson Road #08-01 Novena Square Tower A Singapore 307684.*" *See* https://www.wfscorp.com/en/Contact-Us/Our-Locations.

6. At all times material hereto, Defendant, WORLD FUEL SERVICES TRADING DMCC (hereinafter referred to as "**World Fuel Dubai**"), was and is one of the World Fuel Services Marine Group of Companies organized and existing under the Laws of the Country of the United Arab Emirates with its principal place of business located at Swiss Tower, Office 2003-A, Jumeirah Lake Towers, P.O. Box 340513, Dubai, United Arab Emirates.

7. At all times material hereto, Defendant, WORLD FUEL SERVICES (SINGAPORE) PTE LTD (hereinafter referred to as "**World Fuel Singapore**"), was and is one of the World Fuel Services Marine Group of Companies organized and existing under the Laws of the Country of Singapore with its principal place of business located at 238A Thomson Road #08-01/10, Novena Square, Singapore 307684.

8. The claims asserted by Integrity Bulk against SILK ROAD, in turn, form the basis of this Complaint by SILK ROAD against the global petroleum suppliers Defendants WORLD FUEL SERVICES CORPORATION, WORLD FUEL SERVICES TRADING DMCC and WORLD FUEL SERVICES (SINGAPORE) PTE LTD (collectively the "**WFS Defendants**"), for the failure provide adequate quality bunkers to the *M/V Integrity Daido* pursuant to sales agreements with the Plaintiff entered into on or before May 22, 2019 and for the provision of substandard quality bunkers to the Vessel on or around May 28, 2019.

9. All conditions precedent have been waived, performed and/or have been excused.

## FACTS COMMON TO ALL COUNTS

10. At all times material hereto, SILK ROAD was the Charterer of the M/V "*Integrity Daido*".

11. At all times material hereto, the "*Integrity Daido*" was owned by Integrity Bulk ApS, who chartered the vessel to SILK ROAD.

12. At all material times hereto World Fuel Services Corporation held itself out to prospective customers (including the Plaintiff) as a "*global team of local professionals delivers innovative products and services at more than 8,000 global locations*" including its location in "*Dubai, Swiss Tower, Office 2003, Jumeirah Lake Towers, P.O. Box 340513*" and its location in "*Singapore, 238A Thomson Road #08-01 Novena Square Tower A Singapore 307684*" (*See* "**Composite Exhibit 1**" attached hereto containing screenshots of https://www.wfscorp.com/en/ accessed on 3.31.2020).

13. On or before May 22, 2019, Plaintiff SILK ROAD entered into an Agreement with Defendant World Fuel Services Corporation for the purchase of bunkers (fuel) and the delivery of those bunkers to the *M/V Integrity Daido* during its charter.

14. On May 22, 2019, Nikos Vertsekos, a Sales Executive in World Fuel Services Corporation's Dubai Customer Team, emailed SILK ROAD a Sales Confirmation (attached hereto as "**Exhibit 2**") from his "@wsfcorp.com" email address memorializing the terms of that Agreement.

15. Not only was this Sales Confirmation issued by a member of World Fuel Services Corporation's Dubai Customer Team, it also states that it is from "*World Fuel Services*" and directs SILK ROAD to contact Dubai Sales Executive, Nikos Vertsekos, at his @wsfcorp.com email address "*for changes*" to its contents.

16. The same Sales Confirmation goes on to state that it is governed by the World Fuel Services Marine Group of Companies (collectively, "World Fuel Services") Terms and Conditions

found on World Fuel Services Corporation's website at https://www.wfscorp.com/Marine/pdf/Marine-Terms.pdf (attached hereto as "**Exhibit 3**") and identifies both World Fuel Services (Singapore) Pte. Ltd. and World Fuel Services Trading, DMCC as part of the World Fuel Services Marine Group of Companies, as follows:

> "***World Fuel Services Marine Group of Companies General Terms and Conditions***" state that "*the following terms of sale and supply shall constitute the General Terms and Conditions ("General Terms") of **the World Fuel Services Marine Group of companies (<u>collectively</u>, "World Fuel Services"), 9800 N.W. 41st Street, Suite 400, Miami, Florida 33178***, which includes, but is not limited to… World Fuel Services (Singapore) Pte. Ltd… World Fuel Services Trading, DMCC… and their respective trade names, subsidiaries, affiliates and branch offices.*" See Exhibit 3.

17. The World Fuel Services Terms and Conditions purport to provide terms that shall apply to every sale of marine petroleum products entered into between any World Fuel Services entity as seller and any buyer, including the following:

   a. All claims against the Seller must be mailed to World Fuel Service Corporation's Global Headquarters located at "*9800 N.W. 41st Street, Suite 400, Miami, Florida 33178.*" (*See* Exhibit 3, Clause 15.)

   b. "*These General Terms and each Transaction shall be governed by the general maritime law of the United States of America, the applicable federal laws of the United States of America, and, in the event that such laws are silent…*" (*See* Exhibit 3, Clause 18).

   c. "*Any disputes concerning quality or quantity shall only be resolved in a court of competent jurisdiction in Miami- Dade County, Florida.*" (*See* Exhibit 3, Clause 18).

   d. The "*Seller shall be at liberty to make arrangements with other companies ("Suppliers") to supply the whole or any part of the Products sold in each Transaction.*" (*See* Exhibit 3, Clause 9).

18. The Sales Confirmation also includes a line that reads "*Seller: World Fuel Services, a Trade Name/Division of World Fuel Services (Singapore) Pte Ltd*" which the Plaintiff reasonably

inferred could only have pertained to World Fuel Service Corporation's own internal arrangements to have its "World Fuel Services Marine Group of Companies" act in concert to tender performance under the Agreement on its behalf.

19. Subsequent investigation has revealed that both the ownership and management of World Fuel Services (Singapore) Pte Ltd. can be traced back through a series of foreign holding companies to WFS US HOLDING COMPANY VI, LLC, a Florida Corporation with its principal place of business at 9800 N.W. 41st Street Miami, Florida 33178 (*See* "**Composite Exhibit 4**").

20. World Fuel Services Corporation is the Sole Member of WFS US HOLDING COMPANY VI, LLC and its first named Director, Richard D. McMichael of 9800 N.W. 41st Street, Miami, Florida 33178, is also a Director of World Fuel Services (Singapore) Pte Ltd.

21. Pursuant to SILK ROAD's Agreement with World Fuel Services Corporation, that was confirmed by its Dubai Customer Team, the aforementioned bunker delivery was effected on May 28, 2019 in Chennai, India by the WFS Defendants, through their third-party Agent, Indian Oil Corporation, Ltd. (A copy of the Bunker Delivery Note [Marine Delivery receipt] is appended hereto as "**Exhibit 5**".)

22. It should be noted that the actual provider, Indian Oil Corporation, Ltd. is not one of the World Fuel Services Marine Group of Companies and accordingly is outside the purview of the World Fuel Services' Terms and Conditions.

23. On June 18, 2019, subsequent to bunker delivery in Chennai, the Master of the "*Integrity Daido*" advised Integrity Bulk that "*DO NOT RECOMMEND THE USE OF THIS FUEL due to the HIGH CATFINES. Hence it is not safe for our vessel to use this IFO which was received at Chennai.*" (A copy of the Master's Notice to Owners is appended hereto as "**Exhibit 6**".)

24. On that same date, SILK ROAD wrote to Nikos Versekos and Rhosel Olinares at World Fuel Services Corporation's Dubai Customer Team providing Formal Notice of the bad bunkers provided by the WFS Defendants pursuant to SILK ROAD'S Agreement with World Fuel Services Corporation. (Said Notice is appended hereto as "**Exhibit 7**".)

25. On the same date Nikos Vertsekos acknowledged receipt of their Formal Notice of the bad bunkers provided via email from his "@wfscorp.com" email address with his signature denoting "*World Fuel Services Trading DMCC*" as follows:

```
From:       Nikos Vertsekos <NVertsekos@wfscorp.com>
Sent:       18 June 2019 06:12
To:         Ayham Abu Issa
Cc:         silkroad silkgroup.com.jo; Dubai Customer Team
Subject:    Re: [EXTERNAL] URGENT / MV INTEGRITY DAIDO - DO NOT RECOMMEND TO USE
            - ML1917735-A [FINAL] -  MFO FAILED SPECS ON ALUMINIUM + SILICON AND
            EXCEEDED THE ISO4259 INTERPRETATION LIMIT.

Rvtg Ayham

Best regards,

Nikos Vertsekos
Sales Executive

World Fuel Services Trading DMCC
Tel.: +97143752791
Fax.: +97144312866
Mob: +971506510537
Office Email: DubaiCustomerTeam@wfscorp.com
marineenergydubai@wfscorp.com
Email: nvertsekos@wfscorp.com
```

26. WFS Defendant, World Fuel Services Trading DMCC ("World Fuel Dubai") is one of the World Fuel Services Marine Group of Companies (collectively, "World Fuel Services") with its principal place of business at World Fuel Service Corporation's Dubai Location in Swiss Tower, Office 2003-A, Jumeirah Lake Towers, P.O. Box 340513, Dubai, United Arab Emirates.

27. On June 19, 2019, Aris P. Vogas, the Commercial Manager Middle East for WFS Defendant, World Fuel Dubai, advised SILK ROAD and Integrity Bulk Aps that "*your claim has unfortunately been made too late. As you are aware from our contract for the supply (attached)*

*you are required to submit any claim within 7 days or such longer period as provided by the physical supplier, which in this case is 14 days from the date of supply (being 28th May 2019). Your claim was not received until 18th June 2019.*" A copy of World Fuel Service's declination is appended hereto "**Exhibit 8**".

28.  With respect to the basis for World Fuel Services' denial of Integrity Bulk and SILK ROAD's claims, the aforementioned email refers to Clause 6(d) of the World Fuel Services Marine Group of Companies Terms and Conditions found on the World Fuel Services Corporation website at *https://wfscorp.com/Marine/pdf/Marine-Terms.pdf*, which states that "*Buyer waives any claim against Seller for any reason, including but not limited to the quantity or quality of the Products supplied, unless Buyer's claim is submitted to Seller in writing within seven (7) calendar days after the date of the delivery of the Products.*"

29.  In the instant circumstances, the defective nature of the bunkers delivered could not be discovered with seven days of delivery, rendering the term referenced in Paragraph 28 above unconscionable and entirely unreasonable in the circumstances.

30.  Further, there is no language included in the attached terms of sale alerting the purchaser to the fact that the "Seller's Marine Group of Companies" additional terms and conditions would be applicable the delivery made by Indian Oil Corporation not included in the World Fuel Services Marine Group of Companies. Much to the contrary, the language is vague and ambiguous.

31.  Indian Oil Corporation, for its part, never advised SILK ROAD or Integrity Bulk of any notice requirements for off-spec bunkers – which form the basis for the WFS Defendants' denial of liability and responsibility.

32. The off-spec bunkers in issue has resulted in a claim by Integrity Daido's Owners, Integrity Bulk ApS, against SILK ROAD in the amount of $201,1116.26 for loss of time and re-stemming of the alleged sub-standard bunkers.

33. Independent testing undertaken by Owners (Integrity Bulk ApS) subsequent to delivery and return of the vessel at Charter Party conclusion confirmed the substandard /off-spec nature of the bunkers supplied by the WFS Defendants and/or their authorized agent.

34. Integrity Bulk ApS, the vessel's owner, even under the most diligent testing and operation, could not have discovered the deficient nature of the bunkers provided pursuant to the World Fuel Services' Terms and Conditions with within 7 or even 14 days of delivery.

35. SILK ROAD could not have discovered the obscure and secreted disclaimer stemming from one WFS Defendant's Sales Confirmation email (memorializing an already existing Purchase Agreement) containing a vague reference to Terms and Conditions embedded in another WFS Defendant World Fuel Services Corporation's website.

36. This is further evidenced by the fact that the WFS Defendant, World Fuel Services Corporation, who SILK ROAD entered into the Purchase Agreement with in the first place, is now arguing that it is not a party to those Terms and Conditions on its website.

37. Equally, Indian Oil's 14 days protest provision was never advised to Integrity Bulk ApS or SILK ROAD prior to or at the time of the off-spec bunker supply.

## COUNT I- BREACH OF CONTRACT

Plaintiff, SILK ROAD, adopts Paragraphs 1 through 37 as though fully set forth herein and further alleges:

38. This is a cause of action for Breach of Contract.

39. As set forth in the Facts Common to All Counts, SILK ROAD has been sued by Integrity Bulk ApS for damages to its vessel resulting from the purchase and stemming of substandard quality bunkers purchased from the WFS Defendants and/or their affiliate(s).

40. On or before May 22, 2019, SILK ROAD contracted with WFS Defendant, World Fuel Services Corporation for the purchase of bunkers (fuel) to be delivered to the M/V "*Integrity Daido*" between May 26, 2019 and May 31, 2019.

41. Implicit in their Agreement for purchase and sale was the simple fact that those bunkers would be of suitable and not sub-standard quality.

42. WFS Defendant, World Fuel Dubai, subsequently emailed SILK ROAD a Sales Confirmation memorializing the terms of SILK ROAD's Agreement with World Fuel Services Corporation.

43. As set forth above, that Sales Confirmation indicates that WFS Defendant, World Fuel Dubai, and WFS Defendant, World Fuel Singapore, agreed to tender performance under the Agreement on behalf of WFS Defendant, World Fuel Services Corporation, as part of its World Fuel Services Marine Group of Companies (collectively, "World Fuel Services").

44. Notwithstanding, sub-standard bunkers were stemmed (delivered) to the vessel "*Integrity Daido*" by the WFS Defendants and/or its affiliate(s) damaging her engines, tackle and/or equipment.

45. World Fuel Services Corporation and the other WFS Defendants failed to deliver suitable bunkers to the M/V "*Integrity Daido*" between May 26, 2019 and May 31, 2019 in direct and flagrant breach of their Purchase Agreement with SILK ROAD.

46. As a direct and proximate result of the delivery and ingestion of substandard quality bunkers from WFS Defendants and/or its authorized agent(s), the vessel "*Integrity Daido*" was damaged.

47. The damage to the "*Integrity Daido*", in turn, has resulted in a damage claim by her owners Integrity Bulk ApS via Arbitration in London, England against SILK ROAD.

WHEREFORE, SILK ROAD demands Judgment against the WFS Defendants for Breach of Contract for damages including taxable costs and all further relief which this Court deems just and proper.

## COUNT IV- CONTRIBUTION

Plaintiff, SILK ROAD, adopts Paragraphs 1 through 37 as though fully set forth herein and further alleges:

48. This is a cause of action for Contribution.

49. As set forth in the Facts Common to All Counts, SILK ROAD has been sued by Integrity Bulk ApS for damages to its vessel resulting from the purchase and stemming of sub-quality bunkers purchased from the WFS Defendants.

50. Integrity Bulk ApS has further demanded resolution of its claim against SILK ROAD via Arbitration in London England and commenced Arbitration proceedings in London on their claim.

51. If the "*Integrity Daido*" was damaged as alleged by Integrity Bulk Aps, due to substandard quality bunkers, as delivered and stemmed in India by the WFS Defendants' designated agent, then the damage sustained by the vessel Integrity Daido, and its owner is

attributable to the WFS Defendants and their agent(s) and not to SILK ROAD as an innocent and good faith purchaser of on specification bunkers.

52. Should SILK ROAD be held accountable to Integrity Bulk ApS in the aforementioned London Arbitration, then Silk Road, as a matter of law, is entitled to contribution from the WFS Defendants for any and all damages awarded in Arbitration to Integrity Bulk ApS as the owner of the *"Integrity Daido"* by virtue of its provision of substandard bunkers.

WHEREFORE, SILK ROAD demands Judgment against the WFS Defendants for Contribution, taxable costs and all further relief which this Court deems just and proper.

## COUNT V- COMMON LAW INDEMNITY

Plaintiff, SILK ROAD, adopts Paragraphs 1 through 37 as though fully set forth herein and further alleges:

53. This is a cause of action for Common Law Indemnification.

54. As set forth in the Facts Common to All Counts, SILK ROAD has been sued by Integrity Bulk ApS for damages to its vessel resulting from the purchase and stemming of sub-quality bunkers from the WFS Defendants.

55. Integrity Bulk ApS has further demanded resolution of its claim against SILK ROAD via Arbitration in London England and commenced Arbitration proceedings in London on their claim.

56. If the *"Integrity Daido"* was damaged as alleged by Integrity Bulk Aps, due to sub quality bunkers, as delivered and stemmed in India by the WFS Defendants' designated agent, then the damage sustained by the vessel Integrity Daido, and its owner is attributable to WFS Defendants and their agent(s) and not to SILK ROAD as an innocent and good faith purchaser of on specification bunkers.

57. In fact, SILK ROAD is free from fault and is 100% fault free in the stemming of the bunkers purchased from the WFS Defendants, but for which it now finds itself being held accountable.

58. SILK ROAD is accordingly entitled to Common Law Indemnity from the WFS Defendants as a matter of fact and Law.

WHEREFORE, SILK ROAD demands Judgment against the WFS Defendants for Common Law Indemnity, taxable costs and all further relief which this Court deems just and proper.

Dated this  23rd  day of April, 2020.

                Respectfully submitted,

                **Campbell Johnston Clark, LLP**
                *Attorneys for the Plaintiff*
                2600 Douglas Road, Suite 508
                Coral Gables, FL  33134
                Tel. : 786-204-3784
                Email: neil@cjclaw.com
                Email: chase@cjclaw.com
                Email: cindy@cjclaw.com

                By:     /s/ Neil Bayer
                          Neil Bayer, Esq.
                          Fla Bar No.: 615684

                By:    */s/ Chase Alexandra Jansson*
                          Chase Alexandra Jansson, Esq.
                          Fla Bar No.: 1002265