UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21696-GAYLES/OTAZO-REYES

**SILK ROAD TRADING & SHIPPING CO., LTD.**, a Foreign Corporation,

    Plaintiff,

v.

**WORLD FUEL SERVICES CORPORATION**, a Florida Corporation d/b/a World Fuel Services Marine Group of Companies, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants', World Fuel Services Corporation ("WFS Corp."), World Fuel Services Trading DMCC ("WFS Dubai"), and World Fuel Services (Singapore) PTE Ltd. ("WFS Singapore"), Motion to Dismiss (the "Motion") [ECF No. 12]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### BACKGROUND[1]

Plaintiff Silk Road Trading & Shipping Co., Ltd. files this action against Defendants to recover damages for substandard or off-specification marine fuel bunkers delivered to a vessel

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Moreover, the Court may properly consider the exhibits attached to Plaintiff's Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." (citation omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff chartered from Integrity Bulk ApS, the vessel's owner and non-party to this action. [ECF No. 1].

### I.  Factual Background

WFS Corp. is a Florida-based global petroleum supplier with global headquarters in Miami, Florida. WFS Corp. does business as and through its "World Fuel Services Marine Group of Companies," [ECF No. 1 at 2 ¶ 4], "which includes, but is not limited to," WFS Singapore and WFS Dubai "and their respective trade names, subsidiaries, affiliates and branch offices," *id.* at 4–5 ¶ 16. *See also* [ECF No. 1-3 at 1]. On May 22, 2019, Plaintiff entered into a Purchase Agreement[2] with WFS Corp. for the purchase and delivery of bunkers to the chartered vessel. That day, Plaintiff received an email from Nikos Vertsekos, a Sales Executive of WFS Dubai, memorializing the terms of the Purchase Agreement (the "Sales Confirmation"). The Sales Confirmation specifically states that it "is governed by and incorporates by reference the Seller's Marine Group of Companies General Terms and Conditions [(the "General Terms and Conditions")] for the sale of marine fuel products and related services," and directs Plaintiff to the General Terms and Conditions via a hyperlink. *Id.* at 2. The Sales Confirmation identifies the seller as "WORLD FUEL SERVICES A TRADE NAME/DIVISION OF WORLD FUEL SERVICES (SINGAPORE) PTE LTD." *Id.*

On May 28, 2019, a third-party agent delivered the bunkers to Plaintiff in Chennai, India. *See* [ECF No. 1-5]. The third-party agent did not advise Plaintiff of any notice requirements for substandard or off-specification bunkers. On June 18, 2019, the Master of the chartered vessel advised Integrity Bulk ApS that the bunkers were unsafe for use in the vessel. *See* [ECF No. 1-6]. That same day, Plaintiff emailed Mr. Vertsekos and Rhosel Olinares a formal notice of the

---

[2] The Complaint does not state whether the Purchase Agreement is an oral or written agreement, nor does Plaintiff attach the Purchase Agreement to the Complaint.

defective bunkers pursuant to the General Terms and Conditions. On June 19, 2019, Aris P. Vogas, Commercial Manager Middle East for WFS Dubai, informed Plaintiff and Integrity Bulk ApS that:

> Your claim has unfortunately been made too late. As you are aware from our contract for the supply (attached) you are required to submit any claim within 7 days or such longer period as provided by the physical supplier, which in this case is 14 days from the date of supply (being 28th May 2019). Your claim was not received until 18th June 2019.

[ECF No. 1-8].

## II.   Relevant Provisions of the General Terms and Conditions

Several terms of the General Terms and Conditions are relevant to the Motion. First, Paragraph 6(d) states in relevant part that:

> Buyer waives any claim against Seller for any reason, including but not limited to the quantity or quality of the Products supplied, unless Buyer's claim is submitted to Seller in writing within seven (7) calendar days after the date of delivery of the Products. However, in the event that the physical supplier grants to Seller a period longer than seven (7) days in the physical supplier's own terms and conditions, then this same period will be extended from Seller to Buyer. In any event, should any timely claim submitted by Buyer not be settled to Buyer's satisfaction in a commercial manner, any legal action by Buyer thereon shall be formally waived and time barred unless commenced . . . within six (6) calendar months after the delivery date . . . .

[ECF No. 1-3 at 4]. Second, Paragraph 9(e) provides that "Seller shall be at liberty to make arrangements with other companies . . . to supply the whole or any part of the Products sold in each Transaction." *Id.* at 8. Third, Paragraph 18 provides that:

> These General Terms and each Transaction shall be governed by the general maritime law of the United States of America, the applicable federal laws of the United States of America, and, in the event that such laws are silent on the disputed issue, the laws of the State of Florida . . . . Any disputes concerning quality or quantity shall only be resolved in a court of competent jurisdiction in Miami- Dade [sic] County, Florida.

*Id.* at 14. The General Terms and Conditions make clear that they also apply to WFS Dubai and WFS Singapore. *Id.* at 2.

### III. *Silk Road I*

On November 26, 2019, Plaintiff filed a similar action against WFS Corp. in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See Silk Road Trading & Shipping Co., Ltd. v. World Fuel Servs. Corp.*, Case No. 20-CIV-20409-RNS, [ECF No. 1-1 at 7] [hereinafter *Silk Road I*]. On January 30, 2020, WFS Corp. removed that action and on February 5, 2020, moved to dismiss the complaint. *Silk Road I*, [ECF Nos. 1 & 7]. On March 20, 2020, United States District Judge Robert N. Scola, Jr. dismissed the complaint without prejudice, finding that Plaintiff could not sue WFS Corp. "because from the face of the invoice, it is clear that [WFS Singapore], not [WFS Corp.], sold [Plaintiff] the fuel." *Silk Road I*, [ECF No. 12 at 2]. Judge Scola entered a final judgment in favor of WFS Corp. that same day. *Silk Road I*, [ECF No. 13].

On April 2, 2020, Plaintiff moved to set aside the judgment pursuant to Federal Rule of Civil Procedure 60 and moved for leave to amend the complaint. *Silk Road I*, [ECF No. 14]. On April 17, 2020, Judge Scola denied the motion because he was "not convinced that the Plaintiff's failure to sue the correct party could constitute 'mistake' or 'excusable neglect.'" *Silk Road I*, [ECF No. 15 at 1]. Judge Scola also found that "the equities . . . weigh in favor of denying the motion because the Plaintiff could have amended the complaint to add the correct entity before entry of the final judgment . . . ." *Id.* at 2. He also noted "that the final judgment in [*Silk Road I*] . . . [did] not prevent the Plaintiff from suing the correct entity in a new civil action." *Id.*

### IV. Procedural History

On April 23, 2020, Plaintiff filed the instant action against Defendants for breach of contract, contribution, and common law indemnity. On May 29, 2020, Defendants filed the instant Motion, arguing that the Complaint should be dismissed with prejudice because: (1) WFS Corp. was previously dismissed with prejudice in *Silk Road I*; (2) Plaintiff improperly names WFS Dubai

as a party to this action; and (3) Plaintiff's claims are time-barred pursuant to the terms of WFS Corp.'s General Terms and Conditions. [ECF No. 12]. In its Response, Plaintiff argues that the Motion should be denied because: (1) the dismissal in *Silk Road I* was without prejudice and, therefore, was not appealable; (2) WFS Dubai could not unilaterally add materially altering terms to the Purchase Agreement through its Sales Confirmation; and (3) the Complaint adding WFS Dubai and WFS Singapore "relates back" to *Silk Road I*.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

## ANALYSIS

**I.      Res Judicata Bars Plaintiff from Naming WFS Corp. as a Party to this Action**

Defendants argue that Plaintiff improperly named WFS Corp. as a party to this action because WFS Corp. was already dismissed with prejudice in *Silk Road I*. In *Silk Road I*, Judge Scola made clear that WFS Singapore "is the entity that sold [Plaintiff] the fuel and appears on the invoice" and that WFS Corp. "did not contract with [Plaintiff] for fuel." *Silk Road I*, [ECF No. 12 at 2]. Judge Scola also found that "[t]he complaint [did] not set forth allegations explaining the relationship between [WFS Corp. and WFS Singapore] . . . [or] how [WFS Corp.] could be held liable for damages caused by [WFS Singapore's] delivery." *Id.* As a result, the court dismissed the complaint without prejudice, *id.*, and entered final judgment in favor of WFS Corp., *Silk Road I*, [ECF No. 13]. In denying Plaintiff's motion for reconsideration and for leave to amend the complaint, Judge Scola noted that "the final judgment in [*Silk Road I*] [did] not prevent the Plaintiff from suing *the correct entity* in a new civil action." *Silk Road I*, [ECF No. 15 at 2] (emphasis added). Accordingly, this Court finds that the doctrine of res judicata bars Plaintiff from suing WFS Corp. in this action.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Both doctrines are designed to protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018) (per curiam) (alterations in original) (internal quotation marks omitted) (quoting *Taylor*, 553 U.S. at 892) (noting that *res judicata* "preclud[es] parties from contesting matters they have had a full and fair opportunity to litigate"). "Under the doctrine of claim preclusion, a final

judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor*, 553 U.S. at 892 (citation and internal quotation marks omitted). "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (citation and internal quotation marks omitted).

"Claim preclusion 'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Watkins v. Elmore*, 745 F. App'x 100, 104 (11th Cir. 2018) (per curiam) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003)). Claim preclusion "bars relitigation not only of claims raised but also claims that could have been raised," *id.* at 103 (quoting *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 n.3 (11th Cir. 1990), and "applies to proceedings in different cases," *id.* Here, claim preclusion bars Plaintiff's claims against WFS Corp. First, the decision in *Silk Road I* was rendered by a court of competent jurisdiction—a federal district court. *See Davila*, 326 F.3d at 1188 ("There is no question that the United States District Court for the Southern District of Florida is a court of competent jurisdiction . . . ."). Second, a final judgment was entered in *Silk Road I* in favor of WFS Corp. *See Silk Road I*, [ECF No. 13]. Third, although two additional parties are named in this action—WFS Singapore and WFS Dubai—Plaintiff brings suit against WFS Corp. in this action, as it did in *Silk Road I*. Fourth, the causes of action here and in *Silk Road I* are the same—breach of contract, contribution, and indemnity—and arise out of the same set of facts. *Compare Silk Road I*, [ECF No. 1-1 at 7–16], *with* [ECF No. 1]. Because res judicata bars Plaintiff from naming WFS Corp. as a party to this action, the Motion shall be granted as to WFS Corp.

## II. WFS Dubai is a Properly Named Party to this Action

Defendants also seek to dismiss WFS Dubai from this action as an improperly named party, arguing that the reasoning for WFS Corp.'s dismissal in *Silk Road I* applies with equal force to WFS Dubai. The Court disagrees. Reviewing the Complaint, Plaintiff has raised sufficient factual allegations to hold WFS Dubai liable for the damages caused by the defective bunkers. The factual allegations and exhibits attached to the Complaint make clear that Plaintiff communicated with WFS Dubai throughout the course of the business transaction. *See, e.g.*, [ECF No. 1-2]. Additionally, the Sales Confirmation states that Nikos Vertsekos, WFS Dubai's Sales Executive, was an "[a]uthorized signatory for the World Fuel Services entity stated [in the Sales Confirmation]"—WFS Singapore. *Id.* at 5. While generally "one who acts in the capacity of an agent for a disclosed principal is not liable for claims arising out of a contract executed by the agent on behalf of that principal," "[a]n agent may however bind himself if he conducts himself in such a way as to indicate an intent to be bound." *El Jordan v. Solymar, S. De R.L.*, 315 F. Supp. 2d 1355, 1363–64 (S.D. Fla. 2004) (citations and internal quotation marks omitted). While the Sales Confirmation explicitly identifies WFS Singapore as the seller in the transaction, it also identifies a WFS Dubai employee as an authorized signatory of WFS Singapore. [ECF No. 1-2 at 5]. At the motion to dismiss stage, Plaintiff has alleged sufficient factual allegations to bring claims against WFS Dubai and, therefore, the Motion is denied as to WFS Dubai.

## III. The General Terms and Conditions in the Sales Confirmation

### A. The Sales Confirmation is a Maritime Contract

The Court must first determine whether the Sales Confirmation is a maritime contract. Determining whether a contract is based in maritime "depends upon . . . the nature and character of the contract, and . . . whether it has reference to maritime service or maritime transactions."

*Norfolk S. Railway Co. v. Kirby*, 543 U.S. 14, 24 (2004) (citations and internal quotation marks omitted). The Court finds that the Sales Confirmation is based in maritime because it involves the purchase and delivery of bunkers to a chartered vessel. *See Altadis USA, Inc. v. Sea Star Line, LLC*, No. 3:04-cv-331-J-25HTS, 2008 WL 11432186, at *2 (M.D. Fla. Mar. 25, 2008) (finding agreement related to shipment of cigars and bands between Puerto Rico and Florida by sea to be maritime in nature). Because the bunkers were purchased for use by a chartered vessel at sea, the "purpose [of the parties' Sales Confirmation] is to effectuate maritime commerce—and thus it is a maritime contract." *Norfolk S. Railway Co.*, 543 U.S. at 27. "When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." *Internaves de Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 898 F.3d 1087, 1093 (11th Cir. 2018) (quoting *Norfolk S. Railway Co.*, 543 U.S. at 22–23). Courts "look to the general common law of contracts" in their "interpretation of maritime contracts . . . ." *Id.*

      **B.**    **Whether Plaintiff's Claims are Time-Barred**

To determinate whether Plaintiff's claims are time-barred, the Court must next determine whether the General Terms and Conditions incorporated by reference to the Sales Confirmation apply to this dispute. "Maritime contracts 'must be construed like any other contracts: by their terms and consistent with the intent of the parties.'" *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, No. 21-11336, 2021 WL 4785888, at *3 (11th Cir. Oct. 14, 2021) (quoting *Norfolk S. Railway Co.*, 543 U.S. at 31). "[I]t is a fundamental principle of contracts that in order for a contract to be binding and enforceable, there must be a meeting of the minds on all essential terms and obligations of the contract." *Id.* (quoting *Browning v. Peyton*, 918 F.2d 1516, 1521 (11th Cir. 1990)). *See also IT Strategies Grp., Inc. v. Allday Consulting Grp., L.L.C.*, 975 F. Supp. 2d 1267, 1280 (S.D. Fla. 2013) ("[W]ithout a meeting of the minds on all of the essential terms, no

9

enforceable contract arises." (quoting *Matter of T & B Gen. Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir. 1987))); *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*, No. 06-CIV-21315, 2008 WL 11455055, at *10 (S.D. Fla. Apr. 18, 2008) ("To form an enforceable oral contract, the parties must have a meeting of the minds on the essential terms and obligations of the contract.").

Plaintiff argues that WFS Dubai materially altered the Purchase Agreement by "unilaterally effect[ing]" the General Terms and Conditions to the Sales Confirmation. [ECF No. 14 at 8]. Plaintiff thus challenges whether the Sales Confirmation accurately reflects the parties' meeting of the minds in the Purchase Agreement. However, the Court cannot determine if a meeting of the minds occurred because neither party attaches nor properly describes the terms of the Purchase Agreement. Without the Purchase Agreement, the Court cannot determine whether Plaintiff "had knowledge of and assented to the incorporated terms"—the General Terms and Conditions in the Sales Confirmation—such that those terms would be valid. *Am. Marine Tech., Inc. v. M/Y Alchemist*, 526 F. Supp. 3d 1236, 1249 (S.D. Fla. 2021). The Court's determination may depend on whether the Purchase Agreement mentioned the disputed hyperlink and the General Terms and Conditions or whether Defendants unilaterally added the General Terms and Conditions after the parties entered into the Purchase Agreement. Because the Court cannot determine at this time whether the General Terms and Conditions are applicable to Plaintiff's claims or whether those claims are time-barred, the Motion is denied.[3]

---

[3] The Court briefly notes that contracts which contain hyperlinks to additional terms and conditions—often referred to as "browsewrap agreements"—are valid and enforceable contracts "[i]n Florida and the federal circuits . . . ." *Kipu Sys., LLC v. ZenCharts, LLC*, No. 17-CIV-24733, 2019 WL 7371879, at *4 (S.D. Fla. Oct. 16, 2019) (citations and internal quotation marks omitted). However, such agreements are only enforceable where "the purchaser has actual knowledge of the terms and conditions, or when the hyperlink to the terms and conditions is conspicuous enough to put a reasonably prudent person on inquiry notice." *Arencibia v. AGA Serv. Co.*, --- F. Supp. 3d ---, No. 20-CIV-24694, 2021 WL 1318225, at *6 (S.D. Fla. Apr. 8, 2021) (quoting *Bell v. Royal Seas Cruises, Inc.*, No. 19-CIV-60752, 2020 WL 5742189, at *5 (S.D. Fla. May 13, 2020)). The Court need not make this fact-intensive determination at this stage of the litigation.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants', World Fuel Services Corporation, World Fuel Services Trading DMCC, and World Fuel Services (Singapore) PTE Ltd., Motion to Dismiss, [ECF No. 12], is **GRANTED** as to Defendant World Fuel Services Corporation and **DENIED** as to Defendants World Fuel Services Trading DMCC and World Fuel Services (Singapore) PTE Ltd.

2. Defendant World Fuel Services Corporation is **DISMISSED with prejudice**.

3. The stay in this case is **LIFTED**.

4. The parties shall attend a Telephonic Status Conference before Judge Darrin P. Gayles at **10:00 A.M. on December 8, 2021**. Counsel shall enter their appearances telephonically using the following dial-in information: **Dial-in Number 888-273-3658**; **Access Code 7032614**; **Security Code 5170**. Please dial in at least ten minutes before the Telephonic Status Conference begins and wait until your case is called.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 17th day of November, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE